**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1798**
_____

DOUGLAS SKINNER,

             Plaintiff – Appellant,

        v.

LOUDOUN COUNTY DEPARTMENT OF MANAGEMENT AND FINANCIAL
SERVICES, HUMAN RESOURCES DIVISION; LOUDOUN COUNTY
DEPARTMENT OF FIRE RESCUE AND EMERGENCY MANAGEMENT; WILLIAM
KEITH BROWER; JOSE SALAZAR; ROGER MARTIN; JAMES WILLIAMS;
PATTY RUSSELL; STEVEN VAN WINKLE; FRANK HOLTZ; ROBERT NOE;
COREY PARKER; STEPHEN NACY; MATTHEW BISGAIER; KAREN REIDY;
JAMES CROMER,

             Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Liam O'Grady, District
Judge.  (1:14-cv-00006-LO-TRJ)

_____

Submitted:  January 30, 2015          Decided:  February 9, 2015

_____

Before KING, SHEDD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas K. Plofchan, Jr., WESTLAKE LEGAL GROUP, Potomac Falls,
Virginia, for Appellant. Julia B. Judkins, BANCROFT, MCGAVIN,
HORVATH & JUDKINS, P.C., Fairfax, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Skinner appeals from the district court's orders granting summary judgment on his 42 U.S.C. § 1983 (2012) complaint, which alleged federal and state due process claims as well as a related state claim of defamation. Skinner also challenges the denial of his motion for reconsideration. Skinner's claims arise from his termination from his job as an emergency medical services training officer with the Loudoun County Department of Fire Rescue and Emergency Management. He was terminated for striking a student (Stephen Nacy) in the head. For the reasons discussed below, we affirm.

I.

Skinner first asserts that he had a due process right to know the substance of the evidence asserted by Loudoun County prior to his termination. At the time of his termination, it is undisputed that Skinner was a public employee with a constitutionally protected property interest in his continued employment. As such, he could not be fired without due process. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985). Thus, Skinner was entitled, prior to his termination, to be given "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Loudermill, 470 U.S. at 546;

2

see Riccio v. County of Fairfax, 907 F.2d 1459, 1463 (4th Cir. 1990).

Skinner has never claimed that he did not receive notice of Loudoun County's intent to terminate his employment or that he did not have an opportunity to present his side of the story.  Skinner does, however, contend that Defendants failed to provide him with an explanation of its evidence.  While Skinner admits that he was made aware of the allegations against him, he avers that he was never told what the actual evidence was.  Specifically, Skinner was not aware, prior to his termination, of the identity of an eyewitness (Nathan Wise), that Nacy had told someone else that Skinner struck him, or that Nacy had sent a relevant email.

However, Skinner cites no case law supporting his assertions that he was entitled, prior to his termination, to names of eyewitnesses, names and details of corroborating witnesses, and corroborating documents.  "Due process does not mandate that all evidence on a charge or even the documentary evidence be provided, only that such descriptive explanation be afforded as to permit [the employee] to identify the conduct giving rise to the dismissal and thereby to enable him to make a response."  Linton v. Frederick County, 964 F.2d 1436, 1440 (4th Cir. 1992); see also Ryan v. Illinois Dep't of Children & Family Svcs, 185 F.3d 751, 761-62 (7th Cir. 1999) (holding that

3

employee is entitled to an explanation of why he is being fired but not all relevant documentary support); Harrison v. Wille, 132 F.3d 679, 684 (11th Cir. 1998) (opining that Loudermill requires only that the employee be given "the opportunity to respond after being confronted with the charges" (internal quotation marks omitted)); Crocker v. Fluvanna County Bd. of Pub. Welfare, 859 F.2d 14, 17 (4th Cir. 1988) (finding "explanation of the charges" was sufficient to satisfy due process).

The record makes clear that Skinner was informed that he was charged, on a specific date, with harassing, hitting, and kicking Nacy. He also was told that there was another witness to the altercation. Skinner understood the charges sufficiently to prepare a detailed response, and there is no evidence that Skinner misunderstood or expressed any confusion about the charges. Accordingly, we conclude that Skinner received a sufficient explanation of the evidence against him.

## II.

Next, Skinner contends that he was deprived of his right to confront Nacy before and after his termination. Nacy did not testify at Skinner's hearing as he was out of the country; his hearsay statements were admitted through the examination of the County's investigator. Skinner concedes that he has no Sixth Amendment right to confrontation in a civil

4

case, but he asserts that he has a due process right to confrontation under the Fifth and Fourteenth Amendment.

There is no absolute due process right to confront and cross-examine an accuser in such a situation; instead, a balancing test should be conducted. See Rodgers v. Norfolk Sch. Bd., 755 F.2d 59, 63 (4th Cir. 1985) (holding that deprivation of direct confrontation of accusers was not an "indispensable element of due process" and that, instead, it was proper to weigh the other procedural safeguards given in the case against "the obvious countervailing risks of emotional trauma" for the accusers); Papapetropoulous v. Milwaukee Transp. Svcs., 795 F.2d 591, 598 (7th Cir. 1986) (applying the three factor test outlined in Mathews v. Eldridge, 424 U.S. 319, 335 (1976): (1) the private interest affected; (2) the risk of an erroneous deprivation and the probable value of additional procedural safeguards; and (3) the Government's interest).

In the instant case, the weighing of the appropriate factors leads to the conclusion that Skinner was not deprived of due process. He was informed of the charges against him, the name of his accuser, and the fact that there was at least one other eyewitness to the incident. At the hearing, he presented evidence, testified on his own behalf, called a corroborating witness, and cross-examined Loudoun County's witnesses. Nacy's hearsay statements to the investigator were corroborated by an

5

email and by eyewitness testimony, and Nacy was not present because he was deployed in Afghanistan. While Skinner contends that he was prevented from asking questions regarding Nacy's motivations, impression, and agenda, he could have offered that evidence (if there was any) through other sources and/or could have subpoenaed Nacy and moved for a continuance to permit Nacy's appearance. On appeal, Skinner does not present any exculpatory statements or evidence he hoped to elicit. Given the remaining procedural safeguards in place, the lack of any evidence of prejudice, and the fact that Nacy was deployed in Afghanistan, we conclude that Skinner was not unconstitutionally deprived of an opportunity to challenge his termination.

## III.

Skinner avers that Loudoun County's failure to comply with Loudoun County Human Resources Personnel Policies ("LCPPP") § 11.11(B) violated his due process rights because he was not able to review relevant documents with enough time to prepare his defense. Section 11.11(B) provides for an employee's access to "relevant files" at least ten days prior to the hearing. Setting aside the hotly disputed question of whether Loudoun County violated the County ordinance at all,[1] we conclude that,

---

[1] Skinner concedes that violation of a county ordinance would not contravene federal due process, see Morris v. City of Danville, 744 F.2d 1041, 1048 n.9 (4th Cir. 1984). Instead, he
(Continued)

even if there was error, Skinner has not shown a due process violation.

Again, the sufficiency of the procedures employed in any particular situation must be judged in light of the parties, the subject matter, and the circumstances. Grimes v. Nottoway Cnty. Sch. Bd., 462 F.2d 650, 653 (4th Cir. 1972). Although Skinner received most relevant documents pursuant to the Freedom of Information Act ("FOIA"), he asserts that his FOIA requests only resulted in redacted documents that did not identify the potential eyewitnesses. Moreover, the documents produced by Loudoun County five days prior to the hearing identified Nathan Wise as a witness but did not indicate that he was one of the eyewitnesses. As such, Skinner avers that he was not able to adequately prepare to defend himself.

Loudoun County made it clear that Skinner could review their files if he so requested, even though in the County's opinion Skinner had missed the ten-day deadline. However, the joint appendix does not show that Skinner ever requested any files or documents. Moreover, he was clearly aware that the investigator's notes identified eyewitnesses, and he could have requested to review the unredacted notes. Finally, given the

contends that "LCPPP 11.11(B) does not grant more procedural rights than what is protected by the Constitution."

procedural protections discussed above that Skinner did receive, the failure to show prejudice, and the lack of any absolute right to the identification and production of relevant documents, the specific process afforded to Skinner was constitutionally adequate.

## IV.

Finally, Skinner argues that his defamation claims were improperly dismissed for failure to produce evidence of malice. Skinner avers that his allegations that the Defendants "intentionally made false statements to the County" were sufficient for a reasonable inference that the Defendants acted with malice. Moreover, he asserts that the claim was dismissed prior to an answer being filed and before any discovery was exchanged, so any ruling was premature. Skinner contends that the district court improperly weighed the facts alleged and contained in the record and usurped the role of the jury.

However, after Defendants filed their motion for summary judgment, Skinner did not address the defamation claim in his response, his own motion for summary judgment, or his reply. He objected, for the first time, in his motion for reconsideration. Moreover, even in his motion for

reconsideration, Skinner did not request discovery.[2] Thus, his arguments against dismissal were waived. <u>Scottsdale Ins. Co. v. Flowers</u>, 513 F.3d 546, 553 (6th Cir. 2008). Because Skinner has waived any argument that summary judgment on his defamation claim was premature, and because Skinner presented no details or specific allegations of malice, we reject his claim on appeal.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[2] Skinner argued generally that summary judgment was inappropriate "at this juncture."

9